UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERICK BURTON, individually and on behalf of all others similarly situated | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:17-cv-02279-AGF |
| EXPRESS SCRIPTS, INC., et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This putative class action is before the Court on Defendants' motion (ECF. No. 17) to dismiss Plaintiff's amended complaint. The Court heard oral argument on February 28, 2018. For the reasons set forth below, the motion will be granted.

## BACKGROUND

Plaintiff filed this putative class action in state court on July 10, 2017. Plaintiff asserted a variety of state-law claims against Express Scripts, Inc. ("ESI"), arising out of ESI's alleged practice of imposing a $75 non-refundable "processing fee" on requests for copies of prescription records maintained by ESI, allegedly in violation of a Missouri statute. Plaintiff sought to represent a class of:

(1) All consumer customers or requestors of [ESI] living in the United States who, during the five (5) years preceding the filing of this lawsuit, were charged a "processing fee" when requesting medical records, and who paid [ESI] a "processing fee" for provision of medical or pharmaceutical records; and

(2) All consumer customers or requestors of [ESI] living in the United States who, during the five (5) years preceding the filing of this lawsuit,

> were charged more than $21.36, subject to yearly adjustment applicable on the date of the request for provision of medical or pharmaceutical records.

ECF No. 4 at ¶ 36. Plaintiff sought compensatory and punitive damages, an injunction, and attorneys' fees.

ESI removed the action to this Court on August 21, 2017, asserting the Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[1] In its notice of removal (ECF No. 1), ESI alleged that, as defined in the complaint, the proposed nationwide class action would consist of more than 100 members and would involve minimal diversity in that at least one member of the purported class would be diverse from ESI. ESI further alleged that it had received approximately 35,972 records requests nationwide over the last five years, amounting to compensatory damages of at least $2,697,900. According to ESI, Plaintiff's request for injunctive relief would involve an additional $1,443,900 in lost fees over the next two year period, and in combination with Plaintiff's requests for punitive damages and attorneys' fees, would put the amount in controversy over CAFA's $5 million threshold.

On August 28, 2017, ESI moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it was not subject to the Missouri statute at issue, and that in any event, Plaintiff failed to state a claim. Before the Court ruled on the motion to dismiss, Plaintiff filed a motion for leave to amend the complaint, which ESI did not oppose and which the Court granted. Plaintiff's amended complaint asserted the

---

[1] Plaintiff's complaint asserted only state-law claims, and ESI and Plaintiff are both citizens of Missouri, such that neither federal-question nor diversity jurisdiction exists.

same claims based on the same conduct, sought to represent the same classes, and sought the same relief as his original complaint. However, Plaintiff added the following entities as Defendants, in addition to ESI: Express Scripts Pharmacy ("ESP"), Express Scripts Holding Company ("ESHP"), and Express Scripts Specialty Distribution Services, Inc. ("ESSD") (collectively, the "ESI Affiliates").

According to the amended complaint, on March 15, 2016, Plaintiff made a written request to Defendants for his minor son's prescription records from December 10, 2009 to date. Defendants responded on March 25, 2016, stating that they were unable to process the request because the $75 processing fee had not been paid. The notice stated:

> To cover our costs of processing your request, Express Scripts charges a non-refundable processing fee of $75.00. NOTE: THIS IS NOT A COPYING FEE; IT IS A DATA PROCESSING FEE. Please submit the $75.00 fee in the form of a check or money order payable to: Express Scripts, Inc., Attn: Records, 8931 Springdale Ave, St. Louis, MO 63134, 866-254-2323 (fax).

ECF No. 14 at ¶ 27. Plaintiff thereafter paid the $75 fee through his authorized representative. However, Plaintiff alleges that this payment was made without full knowledge of all material facts surrounding the demand for payment because neither Plaintiff nor his authorized representative knew that the $75 fee was not permitted by Missouri law, as described below. Moreover, Plaintiff alleges that he had no reasonable alternative means to obtain the records without paying the allegedly unlawful $75 fee.

Plaintiff alleges that the $75 processing fee is unlawful under Mo. Rev. Stat. § 191.227, which limits the fees that providers may charge for the provision of medical records. The statute provides, in relevant part:

3

1. All physicians, chiropractors, hospitals, dentists, and other duly licensed practitioners in this state, herein called "providers", shall, upon written request of a patient, or guardian or legally authorized representative of a patient, furnish a copy of his or her record of that patient's health history and treatment rendered to the person submitting a written request . . . . [S]uch record shall be furnished within a reasonable time of the receipt of the request therefor and upon payment of a fee as provided in this section.

2. Health care providers may condition the furnishing of the patient's health care records to the patient, the patient's authorized representative or any other person or entity authorized by law to obtain or reproduce such records upon payment of a fee for:

    (1) (a) Search and retrieval, in an amount not more than twenty-four dollars and eighty-five cents plus copying in the amount of fifty-seven cents per page for the cost of supplies and labor plus, if the health care provider has contracted for off-site records storage and management, any additional labor costs of outside storage retrieval, not to exceed twenty-three dollars and twenty-six cents, as adjusted annually pursuant to subsection 5 of this section; or

    (b) The records shall be furnished electronically upon payment of the search, retrieval, and copying fees set under this section at the time of the request or one hundred eight dollars and eighty-eight cents total, whichever is less, if such person [requests electronic delivery and records are available electronically];

    (2) Postage, to include packaging and delivery cost; and

    (3) Notary fee, not to exceed two dollars, if requested.

3. Notwithstanding provisions of this section to the contrary, providers may charge for the reasonable cost of all duplications of health care record material or information which cannot routinely be copied or duplicated on a standard commercial photocopy machine.

Mo. Rev. Stat. § 191.227.

Plaintiff alleges that the $75 processing fee exceeds the fee limit set forth in this statute.  Plaintiff further alleges that Defendants are subject to the statute because they maintained licensure with the Missouri Board of Pharmacy, and because "[o]ther licensed providers have contracted with Defendants for a services agreement wherein Express Scripts will provide electronic and/or paper copies of a patient's medical records upon request."  ECF No. 14 ¶ 6.  Plaintiff specifically alleges the Missouri Board of Pharmacy license number of ESSD, but he does not do the same for any other Defendant.

Based on the alleged statutory violation, Plaintiff asserts state law claims for violation of § 191.227 (Count I), violation of Missouri's Merchandising Practices Act ("MMPA") (Count II),  negligent misrepresentation (Count III), conversion (Count IV), money had and received (Count V), unjust enrichment (Count VI), and breach of contract (Count VII).   As Plaintiff acknowledged at oral argument, each claim is premised on the allegation that the $75 processing fee violated § 191.227.

On November 2, 2017, Defendants moved to dismiss Plaintiff's amended complaint.

## ARGUMENTS OF THE PARTIES

First, Defendants argue that Plaintiff fails to allege any facts to link the ESI Affiliates with the $75 processing fee.  Defendants argue that the amended complaint makes clear that Plaintiff requested records from and paid the processing fee to ESI, and Plaintiff was aware that he was dealing only with ESI.  Defendants argue that Plaintiff's claims against the ESI Affiliates should therefore be dismissed.

Defendants also argue that Plaintiff fails to allege that ESI is a "provider" subject to § 191.227, as the statute limits the definition of "provider" to physicians, chiropractors, hospitals, dentists, and other duly licensed practitioners in the state of Missouri. Defendants argue that Plaintiff cannot plausibly allege that ESI is a licensed pharmacy because readily available public records, including the Missouri Division of Professional Registration's website listing all pharmacies licensed to conduct in Missouri, show that ESI is not a licensed pharmacy. Rather, Defendants contend that ESI is a pharmacy benefit manager, with access to prescription-related information from a wide variety of pharmacies. Defendants maintain that Plaintiff requested from ESI consolidated prescription records from a variety of pharmacies. For these reasons, Defendants argue that ESI is not subject to the fee limitations in Mo. Rev. Stat. § 191.227.

Further, Defendants contend that Plaintiff fails to allege that the $75 fee is unfair or deceptive, or amounts to a false representation for purposes of the MMPA and negligent misrepresentations claims. Defendants argue that the fee cannot be considered unfair or deceptive because it was disclosed before ESI provided any services, and Plaintiff fails to allege that ESI made any misrepresentation concerning the fee.

Next, Defendants argue that Plaintiff cannot state a claim for conversion because Missouri common law does not recognize claims for conversion of money. Defendants also contend that Plaintiff fails to allege any unjust circumstances to support a claim for unjust enrichment or for money had and received, and that such claims are defeated by the voluntary payment doctrine. Finally, Defendants argue that Plaintiff fails to allege the existence or breach of any contract.

6

In response,[2] Plaintiff argues that the amended complaint alleges sufficient facts to demonstrate that Defendants are licensed providers within the meaning of § 191.227. Specifically, Plaintiff asserts that other licensed providers contract with Defendants to provide copies of patients' medical records. Additionally, Plaintiff asserts that the amended complaint alleges ESSD's Missouri Board of Pharmacy license number, which is sufficient to allege that all Defendants are licensed providers subject to the statute.

Plaintiff also argues that Defendants violated the express requirements of § 191.227 by charging a fee in excess of that allowed by the statute, and Plaintiff and others similarly situated are entitled to enforce the statute by bringing this civil action. Plaintiff contends that he has sufficiently stated a claim for violation of the MMPA, negligent misrepresentation, unjust enrichment, and money had and received by alleging that Defendants required Plaintiff to pay a fee that Missouri law does not authorize.

Plaintiff further argues that he alleges facts sufficient to state a claim for conversion because Defendants requested payment by check or money order, and it can be inferred that Plaintiff paid the processing fee using one of those forms of payment. Plaintiff argues that Missouri law allows conversion claims for tangible personal property in the form of a check or money order.

---

[2] Although Defendants correctly note in their reply that Plaintiff filed the response out of time, Plaintiff later filed a motion for leave to file the response out of time (ECF No. 21), which the Court granted, thus accepting and considering Plaintiff's untimely filing.

Next, Plaintiff contends that he has stated a claim for breach of contract because Defendants required compensation, in the form of the $75 fee, for work they were already obligated to do for less money under Missouri law.

Finally, Plaintiff argues that he has adequately stated claims against all Defendants. Plaintiff argues that, in asserting that Plaintiff's allegations must differentiate between the conduct of each defendant, Defendants cited cases involving constitutional claims, and these cases are distinguishable from the present case.

In reply, Defendants reiterate their arguments and maintain that Plaintiff's response merely repeats his conclusory, implausible allegation that ESI, the only proper Defendant, is a licensed provider under § 191.227. Defendants also contend that to the extent that Plaintiff's MMPA and negligent misrepresentation claims are premised on Plaintiff's belief that Defendants' demand for the $75 fee was a false statement of Missouri law, the claims must still fail because, to be actionable, an alleged misrepresentation must be based on an objective statement of fact.

## **DISCUSSION**

In reviewing a motion to dismiss, the court may properly consider the pleadings, documents incorporated into the pleadings by reference, and public records of which the court may take judicial notice. *Podraza v. Whiting*, 790 F.3d 828, 833 (8th Cir. 2015). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be

a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**ESI Affiliates**

The Court agrees that the amended complaint fails to plausibly plead any cause of action against the ESI Affiliates. The only entity plausibly responsible for the allegedly unauthorized demand for payment was ESI. Plaintiff fails to plead any non-conclusory facts suggesting that any of the ESI Affiliates was responsible for charging Plaintiff the $75 fee; nor has Plaintiff demonstrated that the Court should pierce the corporate veil or otherwise disregard the separate corporate form of each Defendant. Indeed, at oral argument, Plaintiff admitted that he had no basis to plead claims against the ESI Affiliates because these entities were not providers from whom Plaintiff requested records, and did not act as agents of any such providers. Therefore, the Court will grant the motion to dismiss Plaintiff's claims against the ESI Affiliates.

**ESI's "Provider" Status Under § 191.227**

Plaintiff has also failed to plausibly allege that ESI is a licensed provider. Again, § 191.227 defines "provider" as "physicians, chiropractors, hospitals, dentists, and other duly licensed practitioners in this state." Mo. Rev. Stat. § 191.227. Assuming that a

9

pharmacy licensed in Missouri constitutes a "duly licensed practitioner" under the statute, Plaintiff admitted at oral argument that ESI is not in fact licensed as a pharmacy in Missouri, and the Court also takes judicial notice of public records reflecting that fact. *See* Mo. Div. of Prof'l Registration, Pharmacy Licensee Search, https://renew.pr.mo.gov/licensee-search.asp (select the "Licensee Name" search criteria; then enter "Express Scripts" and hit submit). Plaintiff has not alleged that ESI is any other type of "provider."

The Court turns then to Plaintiff's alternative argument that ESI contracts with other licensed providers to provide copies of a patient's medical records upon request. The Court will assume, without deciding, that in an appropriate case, if a patient requests records from a provider, and the provider fulfills that request using a third-party records management company as its agent, the agent could be subject to the same statutory fee limits for such records that would apply to the provider. *See, e.g.*, *Young v. HealthPort Tech., Inc.*, 877 N.W.2d 124, 131-32 (Iowa 2016) ("An entity that acts as a provider's agent in fulfilling records requests covered by [an Iowa statute limiting fees for patient requests for copies of medical records] cannot perform acts in fulfilling those requests the provider itself could not legally perform," and thus, "cannot charge more for producing the requested records than the provider itself could legally charge.").

However, Plaintiff has not alleged that he requested records from a specific provider, or that ESI had an agency relationship with such a provider to fulfill such a request. Indeed, the amended complaint does not identify any principal providers on whose behalf ESI acted. There are no allegations in the amended complaint regarding

10

how many such principal providers are at issue, whether these are in fact licensed practitioners in Missouri or any other state, or which records of each provider were requested.[3]

Thus, the Court has no way to determine whether § 191.227 even applies to Plaintiff's records request, let alone whether ESI, as an agent of a provider or providers, violated that statute. For these reasons, Plaintiff fails to state a claim against ESI for violation of § 191.227, and as all of Plaintiff's remaining claims are premised on such a violation, the Court will dismiss the amended complaint.[4]

**Leave to Amend**

On Friday, February 23, 2018, just a few days before oral argument, Plaintiff filed a motion for leave to add parties and file a second amended complaint (ECF No. 35). After conceding at oral argument that he had no basis to name one of the new parties in the proposed second amended complaint, and that the proposed second amended complaint contained numerous other deficiencies, Plaintiff orally announced that he was

---

[3] As discussed below, these deficiencies raise serious questions as to whether Plaintiff's class allegations, as currently pled, are frivolous.

[4] The conversion claim is also properly dismissed because "[c]onversion is not generally a proper theory when a claim involves money," *Gadberry v. Bird*, 191 S.W.3d 673, 675 (Mo. Ct. App. 2006), and Plaintiff has neither pled that he paid the $75 fee by check or money order, nor asserted damages based on the value of such check of money order, so as to state a claim for conversion of a "check[] [or] other representatives of value," which requires "evidence of the specific value of the items." *Kingfisher Hospitality, Inc. v. Behmani*, 335 S.W.3d 486, 500 (Mo. Ct. App. 2011). The breach of contract claim is also properly dismissed, as Plaintiff failed to allege any material terms of the contract or any breach of those terms. *See Bakhtiara v. Al-Khaledy*, No. 4:11-CV-971 SNLJ, 2011 WL 6945107, at *5 (E.D. Mo. Dec. 30, 2011).

withdrawing the motion for leave, and thereafter did withdraw his motion for leave.[5] ECF No. 37.

Plaintiff indicated at oral argument that he would like to file a new motion for leave to amend to address the deficiencies discussed at oral argument. It is unclear, though, that the Court has jurisdiction to entertain such a motion. The definition of the proposed classes quoted above is identical to the definition in the initial complaint, on which CAFA removal was based. But it is clear from the face of the complaint that Plaintiff's allegations of a purported nationwide class of all customers or requestors of ESI living in the United States was frivolous; at a bare minimum the class could only include those who made requests of providers duly licensed in the State of Missouri. Indeed, at oral argument, Plaintiff indicated that he had no basis to plead a nationwide class action in the way that he did, and that a proposed class action on the claims alleged would only be proper if limited to Missouri citizens who requested records of Missouri providers that had an agency relationship with ESI to fulfill such record requests.[6]

These admissions at oral argument raise serious doubts about whether the Court ever had subject-matter jurisdiction in this case. *See, e.g.*, *Gagasoules v. MBF Leasing LLC*, 286 F.R.D. 205, 210 (E.D.N.Y. 2012) ("[R]egardless of any invocation of class action status under CAFA, a federal court lacks jurisdiction if the assertion of CAFA

---

[5] The Court would have denied the motion in any event, in light of its belated filing and its admitted futility.

[6] In response to this assertion, Defendants requested a ruling on the current motion to dismiss and suggested that if Plaintiff wished to seek to replead his claims and redefine his proposed class at a later stage, Defendants would address Plaintiff's arguments at that time.

jurisdiction was frivolous or defective from the outset.") (citing *Metz v. Unizan Bank*, 649 F.3d 492, 501 (6th Cir. 2011); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010)). From a review of the removal petition, it does not appear plausible that such a limited class action would satisfy CAFA's minimal diversity or amount-in-controversy requirements, and the parties have not suggested otherwise. And there is no basis other than CAFA for federal jurisdiction here.

Therefore, the parties shall have seven (7) days to show cause why the Court should not dismiss Plaintiff's claims without prejudice for lack of jurisdiction.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss the amended complaint for failure to state a cause of action is **GRANTED**. ECF. No. 17. Plaintiff's complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the parties shall have seven (7) days from the date of this Order to show cause why the case should not be dismissed for lack of subject matter jurisdiction.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2018.