UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERICK BURTON, individually and on behalf of all others similarly situated | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:17-cv-02279-AGF |
| EXPRESS SCRIPTS, INC., et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' responses to the Court's Order to Show Cause why this case, removed under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), should not be remanded for lack of subject matter jurisdiction. On March 5, 2018, the Court granted Defendants' motion to dismiss Plaintiff's first amended complaint for failure to state a claim. The Court dismissed the first amended complaint without prejudice, noting that Plaintiff had filed but withdrawn a motion for leave to file a second amended complaint, and had indicated at oral argument that he intended to file a new motion for leave to amend in order to limit his claims and his class definition. The Court further noted that Plaintiff's admissions at oral argument regarding the futility of his proposed nationwide class action raised serious doubts about whether this Court ever had subject matter jurisdiction in this case. Therefore, the Court ordered the parties to show cause why the case should not be remanded for lack of subject matter jurisdiction.

In response, Plaintiff states that he concurs that the Court lacks subject matter jurisdiction.[1] Defendants, on the other hand, argue that because Plaintiff's attempt to maintain the suit as a class action was not frivolous—even if his overly broad class definition, which brought the case within CAFA jurisdiction, was implausible—the Court had and still has subject matter jurisdiction. Thus, Defendants ask that the Court "retain jurisdiction over this case, and in the event Plaintiff intends to offer a further proposed amendment to the complaint, this Court should evaluate [the] motion for leave . . . ." ECF No. 41 at 9.

Upon careful review of the record and the parties' arguments, the Court concludes that the facts alleged in the original complaint plausibly gave rise to CAFA jurisdiction at the time of removal, which is not lost if Plaintiff now attempts to narrow the class definition. Therefore, the Court retains jurisdiction and will give Plaintiff 14 days to file any further motion for leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall, within **14 days** from the date of this Memorandum and Order, file a motion for leave to amend, and shall attach to the motion his proposed amended complaint.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2018.

---

[1] Plaintiff has never moved to remand this case to state court.