UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERICK BURTON, individually and on behalf of all others similarly situated | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:17-cv-02279-AGF |
| EXPRESS SCRIPTS, INC., et al., | ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion (ECF No. 43) to voluntarily dismiss this case without prejudice. Defendants oppose the motion, arguing that Plaintiff offers no reason for voluntarily dismissing this case. Defendants contend that it is clear from Plaintiff's previous filings, and this Court's prior dismissal without prejudice of Plaintiff's complaint for failure to state a claim, that Plaintiff intends to refile this case in the state court from which it was removed, thus engaging in blatant forum shopping. Thus, Defendants ask that the dismissal be with prejudice or, at a minimum, that the Court condition the dismissal on Plaintiff paying Defendants' costs and attorneys' fees if Plaintiff refiles the case in another forum.

As an initial matter, although Plaintiff states that his motion is filed "pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure," which requires court approval, he correctly notes in his motion that "defendants have not filed an answer, a counterclaim, or a motion for summary judgment." ECF No. 43 at 1. As such, Plaintiff may voluntarily

dismiss this case under Rule 41(a)(1), which provides that a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1)(A)(i).

Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6), which the Court granted,[1] but as "a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 (3d Cir. 2008). Only when a motion to dismiss is converted by the district court into a motion for summary judgment does it bar voluntary dismissal under Rule 41(a)(1). *See Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). No such conversion occurred here.

Under Rule 41(a)(1), the dismissal is without prejudice unless the notice states otherwise or unless the plaintiff previously dismissed any federal or state court action based on the same claim. Fed. R. Civ. P. 41(a)(1)(B). Here, Plaintiff's motion states that his dismissal is without prejudice, and there is no indication that Plaintiff has previously dismissed any action based on the same claim. Therefore, the Court lacks authority to dismiss the case with prejudice. *See, e.g.*, *United States v. Dougherty*, 486 F. App'x 621, 621-22 (8th Cir. 2012) (unpublished) (affirming a district court's grant of the

---

[1] At oral argument on the motion to dismiss, Plaintiff indicated that he wished to seek leave to amend his complaint in this Court. In response to this assertion, Defendants requested a ruling on their motion to dismiss and suggested that if Plaintiff wished to seek to replead his claims at a later stage, Defendants would address Plaintiff's arguments at that time.

2

government's motion for voluntary dismissal without prejudice, even after the defendant filed a Rule 12 motion to dismiss, and reasoning that "because [the defendant] had not yet filed an answer or summary judgment motion at the time that the government [moved for a] voluntary dismissal, the dismissal operated as one under [Rule] 41(a)(1)(A)(i) . . . . Thus, the dismissal did not require a court order, and the court lacked discretion to dismiss the action with prejudice.").

Likewise, the Court lacks authority to impose any conditions on the dismissal. *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1078 (8th Cir. 2017). This is true, even if the voluntarily dismissal was filed merely to escape an adverse decision or to seek a more favorable forum. *Id.* at 1079 (agreeing that plaintiffs are "entitled to file a valid Rule 41[(a)(1)] notice of voluntarily dismissal for any reason," even if it is "to flee the jurisdiction or the judge").

Finally, although the parties do not address this issue, the fact that Plaintiff filed this case as a putative class action also does not affect his right to voluntarily dismiss without court approval. Rule 41(a)(1)(A) states that voluntary dismissals without a court order are "subject to" Rule 23(e). Fed. R. Civ. P. 41(a)(1)(A). However, Rule 23(e) was amended in 2003 to clarify that the procedural requirements for voluntary dismissals of class actions, including court approval, apply only to "certified" classes. Fed. R. Civ. P. 23(e). "The 2003 amendments to Rule 23(e) intentionally . . . limit[ed] the courts' supervisory powers over dismissals and voluntary settlements to class actions in which a class has been certified." 5 J. Wm. Moore et al., Moore's Federal Practice § 23.160 (3d ed. 2017); *see also* 7B Wright, Miller, & Kane, Federal Practice & Procedure § 1797 (3d

ed. 2017) ("Whatever the justification for those protections, the 2003 amendments make clear that Rule 23(e) only applies to the 'claims, issues, or defenses of a certified class.' Thus, settlements or voluntary dismissals that occur before class certification are outside the scope of subdivision (e)."). Moreover, "nothing in [the Class Action Fairness Act, 28 U.S.C. § 1332(d), under which this case was removed] altered the 2003 amendment to Rule 23(e). *Adams*, 863 F.3d at 1082. Although the Eighth Circuit has not definitively decided the issue, it has recognized that "the overwhelming majority of courts have held that when no class has been certified, voluntary dismissal of a putative class action is governed not by Rule 23 but by Rule 41 . . . ." *Id.* at 1082-83 (reversing district court's sanction of an attorney for voluntarily dismissing a putative class action under Rule 41(a)(1) prior to class certification even though the dismissal was for the purpose of forum shopping and avoiding an adverse result). The Court agrees with this majority rule, which is supported by the text of Rule 23(e).

In short, the Court will grant Plaintiff's voluntary motion to dismiss without prejudice under Rule 41(a)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss without prejudice is **GRANTED**. ECF No. 43. The Court will enter a separate Order of Dismissal.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2018.